## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

John Jay Powers

                    v.                          Case No. 21-cv-472-JL

Walter Davies, Director
Hampshire House

## REPORT AND RECOMMENDATION

John Jay Powers, proceeding pro se, brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the federal Bureau of Prisons' ("BOP's") computation of two of his sentences.[1]  The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases (§ 2254 Rules").[2]

## Standard of Review

Section 2254 Rule 4 requires the court to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

---

[1] Mr. Powers represents that he is currently at Hampshire House in Manchester, New Hampshire, a facility which contracts with the BOP to provide housing for BOP prisoners transitioning from incarceration to the community.

[2] See Section 2254 Rule 1(b) (authorizing court to apply the § 2254 Rules to § 2241 petitions).

in the district court."  Under § 2254 Rule 4, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  The court construes liberally pleadings filed by pro se petitioners.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### Background

"Mr. Powers' criminal history is complex and includes multiple convictions and sentences in multiple jurisdictions."  Powers v. Stancil, 18-cv-1226-KMT, 2019 U.S. Dist. LEXIS 233549, at *2, 2019 WL 10435093, at *1 (D. Colo. Feb. 5, 2019).  As is pertinent to Mr. Powers's current petition, he was convicted and sentenced in the Middle District of Florida in February of 1990, in United States v. Powers, No. 8:89-cr-00061-SCB-TGW-1, on charges of possession of a stolen motor vehicle, criminal contempt, and bank robbery.  Powers v. Stancil, 2019 U.S. Dist. LEXIS 233549, at *2, 2019 WL 10435093, at *1.  He was sentenced on the same day to eighteen months in prison for possession of a stolen motor vehicle, and five-and-one-half months for criminal contempt.  Id.  The judgment in that case does not indicate

whether those sentences were to be served consecutively or concurrently.[3]  Id.

In 2018, Mr. Powers brought a petition under § 2241 in the District of Colorado, where he was then incarcerated, challenging the computation of his sentences and good time credit.[4]  Id., 2019 U.S. Dist. LEXIS 233549 at *6, 2019 WL 10435093, at *2.  Pertinent to this case, Mr. Powers alleged

---

[3] Mr. Powers was sentenced to concurrent terms of 236 months on the bank robbery convictions, which were to be served consecutive to the possession of a stolen vehicle and contempt sentences.  Powers, 2019 U.S. Dist. LEXIS 233549, at *2, 2019 WL 10435093, at *1.  In March of 1990, he was sentenced in a different case in the Middle District of Florida to fifteen years in prison for firearms-related offenses and other crimes. Id., 2019 U.S. Dist. LEXIS 233549, at *3, 2019 WL 10435093, at *1.  The judgment in that case made the fifteen-year sentence consecutive to the sentences for possession of a stolen vehicle and contempt.  Id.  A later resentencing maintained the consecutive order of the sentences.  Id.  In 1991, he was sentenced in the Southern District of Indiana to sixty-six months in prison for bank robbery, and the sentence was ordered to be consecutive to the sentences imposed in the Middle District of Florida.  Id., 2019 U.S. Dist. LEXIS 233549, at *3- *4, 2019 WL 10435093, at *2.  In 2001, he was sentenced in the District of New Jersey to forty-five months for escape and interstate transport of a stolen vehicle, and that sentence was ordered to be served consecutive to the sentences imposed in the Middle District of Florida.  Id., 2019 U.S. Dist. LEXIS 233549, at *4, 2019 WL 10435093, at *2.  In 2015, Powers pleaded guilty and was sentenced in the District of Arizona to thirty-three months in prison for assault on a federal officer.  United States v. Powers, No. 4:15-cr-00647-FRZ-EJM-1 (D. Ariz. Sept. 28, 2015) (ECF No. 51) (most of the sentence imposed concurrently with prior sentences but twelve months and one day to run consecutive to any discharged sentences).

[4] While Mr. Powers's § 2241 action was pending in the District of Colorado, he was moved to the Federal Correctional Institution in Allenwood, Pennsylvania.

that the BOP erred by: "(1) treating the Middle District of Florida sentences for possession of a stolen motor vehicle and criminal contempt imposed the same day in case number 89-61-Cr-T-12(08) as consecutive sentences." Id., 2019 U.S. Dist. LEXIS 233549 at *5, 2019 WL 10435093, at *2. The petition was denied on February 5, 2019. Id., 2019 U.S. Dist. LEXIS 233549 at *15, 2019 WL 10435093, at *5.

Mr. Powers appealed. In his appeal, Mr. Powers argued that under Setser v. United States, 566 U.S. 231 (2012), only the court and not the BOP could make the decision about whether sentences would run concurrently or consecutively. Powers v. Stencil, 734 F. App'x 736, 739 (10th Cir. 2019). He further argued that the BOP's Program Statement 5880.28, was "depleted" by the ruling in Setser, and that the sentencing guidelines supported his view that the sentences were to run concurrently. Id. The Tenth Circuit found no merit in his arguments and affirmed the district court. Id.

By January of 2021, Mr. Powers was serving the forty-five-month sentence imposed in the District of New Jersey for charges of escape and transporting a stolen vehicle. Powers v. Quay, No. 4:20-CV-01519, 2021 U.S. Dist. LEXIS 7918, at *1-*2, 2021 WL 148640, at *1 (M.D. Pa. Jan. 15, 2021). By that time, he had completed the sentences imposed for other crimes, including the sentence for criminal contempt. Id., 2021 U.S. Dist. LEXIS

7918, at *2, 2021 WL 148640, at *1.  He was then eligible for release on October 27, 2021.  Id.

### Discussion

In his current petition, brought pursuant to § 2241, Mr. Powers again challenges the BOP's determination that his sentences for possession of a stolen vehicle and for criminal contempt were to be served consecutively rather than concurrently.  He argues that he is being forced to serve two sentences for the criminal contempt conviction, in violation of the Double Jeopardy Clause of the Fifth Amendment, because that sentence ran concurrently with the sentence for possession of a stolen vehicle and had been served before the BOP determined that it was consecutive to the possession sentence.  He seeks immediate release.

A § 2241 petition should be dismissed as an abuse of the writ when the petitioner raises a claim that he could have raised in a prior petition and when he raises the same claim he raised previously.  Beras v. Johnson, 978 F.3d 246, 252 (5th Cir. 2020); Dotson v. Kizziah, 966 F.3d 443, 444-45 (6th Cir. 2020).  Mr. Powers previously brought a § 2241 petition in the District of Colorado, challenging the BOP's decision to make his sentence for criminal contempt consecutive to, rather than concurrent with, the sentence for possession of a stolen

vehicle.  The petition was denied.  <u>Powers v. Stancil</u>, 794 F. App'x at 739.  Although Mr. Powers raised a different ground in that petition to challenge the BOP's decision, he could have raised the Fifth Amendment theory that he raises in his current petition.  Therefore, Mr. Powers's § 2241 petition should be dismissed as an abuse of the writ.

### Conclusion

For the foregoing reasons, the § 2241 petition (Doc. No. 1) should be dismissed.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

June 28, 2021

cc:  John Jay Powers, pro se.